# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>VICTOR TRAVAIL LEE,<br><br>    Defendant. | Case No. CR-24-192-RAW |

## ORDER

    The Defendant is charged in a one-count Indictment with Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Now before the court is the Defendant's objection to the Government's notice of impeachment evidence [Docket No. 40]. In 2017, the Defendant pleaded guilty to and was sentenced to nine years for the crimes of Aggravated Battery on a Peace Officer and Unlawful Possession of a Weapon by a Felon on Parol. Docket No. 30.

    Rule 609 allows impeachment of a witness's character for truthfulness with evidence of a criminal conviction. "[F]or any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609 (a)(2).

    Otherwise, a defendant's crimes punishable by imprisonment of more than one year *must* be admitted if the probative value of the evidence outweighs its prejudicial effect to the defendant. Fed. R. Evid. 609 (a)(1)(B). If, however, more than ten years have passed since the

conviction or release from confinement for it, whichever is later, the standard is more stringent—the evidence is admissible only if "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect." Fed. R. Evid. 609 (b)(1) (emphasis added). As less than ten years have passed since the convictions at issue, the less stringent standard applies.

Again, "[w]hen the defendant is a witness in his own trial, the prosecution may introduce evidence of the defendant's past felony conviction to attack his character for truthfulness 'if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.'" *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). "This 'special balancing test' is used because 'the defendant faces a unique risk of prejudice—*i.e.,* the danger that convictions that would be excluded under [Rule 404] will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes.'" *Id*. (citing Fed. R. Evid. 609 Advisory Committee's Notes (1990 Amendments)).

"The well-settled rule in this circuit is that the permissible scope of cross examination under Rule 609 extends to the essential facts of the convictions, the nature of the crimes, and the punishment." *Id*. (citing *United States v. Commanche*, 577 F.3d 1261, 1270-71 (10th Cir. 2009). In determining whether to admit Rule 609 evidence, the court considers: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Id*. (citation omitted).

"The implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number." *Id*.

(quoting *Burston*, 159 F.3d at 1335). Ultimately, "the burden is on the government to establish the admissibility of the prior convictions." *United States v. Crittendon*, No. 23-CR-00078-GKF, 2023 WL 2967891, at *2 (N.D. Okla. Apr. 17, 2023) (collecting cases).

The parties have reached a stipulation pursuant to *Old Chief v. United States*, 519 U.S. 172, 180-81 (1997). The Government will thus be limited to advising the jury that the Defendant has criminal convictions for crimes that were punishable by imprisonment for more than one year. To this extent, the Defendant's objection to the Government's notice of impeachment evidence [Docket No. 40] is moot.

The Government argues, however, that if the Defendant testifies and claims no knowledge of firearms in general or that he never handled a firearm, it will seek to introduce the nature of the Defendant's prior conviction for possession of a firearm. The court considers the five factors.

If the Defendant so testifies, the impeachment value of his prior conviction for possession of a firearm is extraordinarily high, which favors admittance. The conviction is fairly recent, also favoring admittance. The similarity between the current charge and previous charge for possession of a firearm, however, raises concerns that a jury may draw an impermissible propensity inference. This factor, as well as the importance of the Defendant's testimony, lean against admittance. Of course, if the Defendant testifies, his credibility will be central, which again favors admittance.

Having weighed the five factors, the court finds that if the Defendant testifies and *specifically* claims no knowledge of firearms in general or that he never handled a firearm, the evidence of his prior conviction for Unlawful Possession of a Weapon by a Felon on Parol may be admitted. Only if the Defendant testifies as such does the probative value of the evidence

outweigh its prejudicial effect to the Defendant. Otherwise, it will not be admitted. To this extent, the Defendant's objection to the Government's notice of impeachment evidence [Docket No. 40] is overruled in part.

In summary, the Defendant's objection to the Government's notice of impeachment evidence [Docket No. 40] is moot in part and overruled in part.

**IT IS SO ORDERED** this 12th day of June, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**